MKM:NEM
F. #2015R00888

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – –X

UNITED STATES OF AMERICA

   - against -

QIAN ZHENG,
   also known as "Cash,"
KAI HUAN HUANG,
   also known as "Shen Shen,"
JIYAO JIANG,
   also known as "Yi Qiang," and
XUE JIANG GAO,
   also known as "Xue Zhang,"

                Defendants.

– – – – – – – – – – – –X

**SUPERSEDING INDICTMENT**

Cr. No. 15-628 (S-2) (CBA)
(T. 8, U.S.C., § 1451(e); T. 18, U.S.C.,
§§ 373, 894(a)(1), 981(a)(1)(C), 982(a)(6),
1425(a), 1951(a), 1955(a), 1959(a)(6),
1962(c), 1963, 1963(a), 1963(m), 2 and
3551 et seq.; T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(C), 841(b)(1)(E)(i), 846, 853(a)
and 853(p); T. 28, U.S.C., § 2461)

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

At all times relevant to this Superseding Indictment, unless otherwise indicated:

<u>The Enterprise</u>

1.    The Zheng Organization was a criminal organization whose members and associates engaged in crimes including extortion, operating an illegal gambling business, assault, and violations of the narcotics laws.

2.      The defendants QIAN ZHENG, also known as "Cash," KAI HUAN HUANG, also known as "Shen Shen," and XUE JIANG GAO, also known as "Xue Zhang," were members and associates of the Zheng Organization.

3.      The Zheng Organization, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2) – that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce. The Zheng Organization constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

<u>Purposes of the Enterprise</u>

4.      The purposes of the Zheng Organization included the following:

a.      Enriching the leaders, members and associates of the Zheng Organization through, among other things, (i) extortion; (ii) the operation and ownership of illegal gambling businesses and other businesses within the Zheng Organization's control; and (iii) the sale and distribution of narcotics;

b.      Preserving, protecting, and augmenting the power, territory and financial profits of the Zheng Organization, its leaders, its members and its associates, through the use of intimidation, threats of violence, and actual violence, including assault and extortion; and

c.      Keeping victims and citizens in fear of the Zheng Organization, its leaders, its members and its associates by committing and threatening to commit physical violence and by causing and threatening to cause economic harm.

3

## Means and Methods of the Enterprise

5.     Among the means and methods by which the Zheng Organization members and associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.     To protect and expand the enterprise's business and criminal operations, members and associates of the enterprise threatened to assault and did assault persons who engaged in activity that jeopardized (i) the power and criminal activities of the enterprise; (ii) the power of the leaders of the enterprise; and (iii) the flow of proceeds to the leaders of the enterprise.

b.     Members and associates of the enterprise promoted a climate of fear in the community through threats of economic harm and violence.

c.     Members and associates of the enterprise generated income for the enterprise through, among other things, (i) extortion; (ii) the operation and ownership of illegal gambling businesses and other businesses within the Zheng Organization's control; and (iii) the sale and distribution of narcotics.

d.     Members and associates of the enterprise used, and threatened to use force and physical violence to gain assets from individuals who operated competing businesses or illegal gambling parlors.

## COUNT ONE
### (Racketeering)

6.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

4

7.     In or about and between January 2007 and September 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known as "Xue Zhang," together with others, being persons employed by and associated with the Zheng Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Zheng Organization through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

RACKETEERING ACT ONE
(Ketamine Distribution Conspiracy/Ketamine Distribution/
MDMA Distribution Conspiracy/MDMA Distribution)

8.     The defendants named below committed the following acts, any one of which alone constitutes Racketeering Act One:

A.     Ketamine Distribution Conspiracy

9.     In or about and between January 2010 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing ketamine, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 846.

B.      Ketamine Distribution

10.     In or about and between January 2007 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing ketamine, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

C.      MDMA Distribution Conspiracy

11.     In or about and between January 2012 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing 3,4-methylenedioxy-methamphetamine ("MDMA"), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

D.      MDMA Distribution

12.     In or about and between January 2012 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing MDMA, a Schedule I controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## RACKETEERING ACT TWO
(Extortion Conspiracy – John Doe 1)

13.     The defendant named below committed the following acts, either one of which alone constitutes Racketeering Act Two:

A.     Federal Extortionate Collection of Credit Conspiracy

14.     In or about and between October 2013 and December 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe 1, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Section 894(a)(1).

B.     State Law Extortion Conspiracy

15.     In or about and between October 2013 and December 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendant and others agreed to obtain property, to wit: money, by compelling and inducing John Doe 1 to deliver such property by instilling in him a fear that, if the property were not so delivered, one or more persons would cause physical injury to one or more persons in the future or cause damage to property, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i) and 105.10.

### RACKETEERING ACT THREE
(Illegal Gambling)

16.     In or about January 2014, within the Eastern District of New York, the defendant QIAN ZHENG, also known as "Cash," together with others, did knowingly and intentionally conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, to wit: a gambling business involving illegal poker games located in and around 5917 7th Avenue, Brooklyn, New York 11220, which operated in violation of the laws of the State of New York, to wit: New York Penal Law Sections 225.05 and 20.00, which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of such business, and had a gross revenue of at least $2,000 in any single day, in violation of Title 18, United States Code, Sections 1955(a) and 2.

### RACKETEERING ACT FOUR
(Extortion Conspiracy/Attempted Extortion – John Doe 2)

17.     The defendants named below committed the following acts, any one of which alone constitutes Racketeering Act Four:

A.     Federal Extortion Conspiracy

18.     In or about and between May 2015 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known "Xue Zhang," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of any article and commodity in commerce, by the extortion of John Doe 2, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Section 1951(a).

B.    Federal Attempted Extortion

19.    In or about and between May 2015 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of any article and commodity in commerce, by the extortion of John Doe 2, in violation of Title 18, United States Code, Sections 1951(a) and 2.

C.    State Law Extortion Conspiracy

20.    In or about and between May 2015 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and others agreed to obtain property, to wit: money, by compelling and inducing John Doe 2 to deliver such property by instilling in him a fear that, if the property were not so delivered, one or more persons would cause physical injury to one or more persons in the future, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i) and 105.10.

D.    State Law Attempted Extortion

21.    In or about and between May 2015 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally attempt to steal property

by extortion, in that the defendants and others agreed to obtain property, to wit: money, by compelling and inducing John Doe 2 to deliver such property by instilling in him a fear that, if the property were not so delivered, one or more persons would cause physical injury to one or more persons in the future, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 20.00 and 110.00.

(Title 18, United States Code, Sections 1962(c), 1963, 2 and 3551 et seq.)

## COUNT TWO
### (Ketamine Distribution Conspiracy)

22.  In or about and between January 2010 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing ketamine, a Schedule III controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(E)(i); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
### (Ketamine Distribution)

23.  In or about and between January 2007 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally distribute and possess

with intent to distribute a controlled substance, which offense involved a substance containing ketamine, a Schedule III controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
### (MDMA Distribution Conspiracy)

24.    In or about and between May 2015 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing MDMA, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIVE
### (MDMA Distribution)

25.    In or about May 2015, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing MDMA, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Extortion Conspiracy – John Doe 1)

26.     In or about and between October 2013 and December 2013, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants QIAN ZHENG, also known as "Cash," and JIYAO JIANG, also known as "Yi

Qiang," together with others, did knowingly and intentionally conspire to participate in the use

of extortionate means to collect and attempt to collect one or more extensions of credit from

John Doe 1.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

## COUNT SEVEN
(Illegal Gambling Business)

27.     In or about January 2014, within the Eastern District of New York and

elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, did

knowingly and intentionally conduct, finance, manage, supervise, direct and own all or part of

an illegal gambling business, to wit: a gambling business involving illegal poker games located

in and around  5917 7th Avenue, Brooklyn, New York 11220, which operated in violation of

the laws of the State of New York, to wit: New York Penal Law Sections 225.05 and 20.00,

which involved five or more persons who conducted, financed, managed, supervised, directed

and owned all or part of such business and had a gross revenue of at least $2,000 in any single

day.

(Title 18, United States Code, Sections 1955(a), 2 and 3551 et seq.)

## COUNT EIGHT
(Extortion Conspiracy – John Doe 2)

28.     In or about and between May 2015 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," KAI HUAN HUANG, also known as "Shen Shen," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of any article and commodity in commerce, by the extortion of John Doe 2.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT NINE
(Attempted Extortion – John Doe 2)

29.     On or about May 28, 2015, within the Eastern District of New York and elsewhere, the defendants QIAN ZHENG, also known as "Cash," KAI HUAN HUANG, also known as "Shen Shen," and XUE JIANG GAO, also known as "Xue Zhang," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of any article and commodity in commerce, by the extortion of John Doe 2.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT TEN
(Solicitation to Commit Assault in Aid of Racketeering – John Doe 3 and Jane Doe 1)

30.     At all times relevant to this Indictment, the Zheng Organization, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an enterprise as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of

individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

31.     At all times relevant to this Superseding Indictment, the Zheng Organization, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, multiple acts and threats involving extortion, in violation of the law of the State of New York; narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and acts indictable under Title 18, United States Code, Section 894 (extortionate collection of credit), Title 18, United States Code, Section 1955 (illegal gambling), and Title 18, United States Code, Section 1951(a) (extortion).

32.     In or about August 2013, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," did knowingly and intentionally solicit, command, induce and otherwise endeavor to persuade another person to engage in conduct constituting a felony that has as an element the use and attempted use of physical force against the person of another in violation of the laws of the United States, to wit: assault with a dangerous weapon and assault resulting in serious bodily injury of John Doe 3 and Jane Doe 1, individuals whose identities are known to the Grand Jury, in violation of Title 18, United States Code, Section 1959(a)(3), with the intent that such other person engage in such conduct and under circumstances corroborative of that intent.

(Title 18, United States Code, Sections 373 and 3551 et seq.)

### COUNT ELEVEN
(Attempt to Commit Assault in Aid of Racketeering – John Doe 3 and Jane Doe 1)

33.     The allegations contained in paragraphs 30 and 31 are realleged and incorporated as if fully set forth in this paragraph.

34.     In or about August 2013, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Zheng Organization, an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in the Zheng Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to commit assault with a dangerous weapon and assault resulting in serious bodily injury of John Doe 3 and Jane Doe 1, in violation New York Penal Law Section 120.05.

(Title 18, United States Code, Sections 1959(a)(6), 2 and 3551 et seq.)

### COUNT TWELVE
(Solicitation to Commit Assault in Aid of Racketeering – John Doe 4)

35.     The allegations contained in paragraphs 30 and 31 are realleged and incorporated as if fully set forth in this paragraph.

36.     In or about and between October 2014 and July 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, did knowingly and intentionally solicit, command, induce and otherwise endeavor to persuade another person to engage in conduct constituting a felony that has as an element the use and attempted use of

physical force against the person of another in violation of the laws of the United States, to wit: assault with a dangerous weapon and assault resulting in serious bodily injury of John Doe 4, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Section 1959(a)(3), with the intent that such other person engage in such conduct and under circumstances corroborative of that intent.

(Title 18, United States Code, Sections 373 and 3551 et seq.)

## COUNT THIRTEEN
(Attempt to Commit Assault in Aid of Racketeering – John Doe 4)

37.     The allegations contained in paragraphs 30 and 31 are realleged and incorporated as if fully set forth in this paragraph.

38.     In or about and between October 2014 and July 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Zheng Organization, an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in the Zheng Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to commit assault with a dangerous weapon and assault resulting in serious bodily injury of John Doe 4, in violation New York Penal Law Section 120.05.

(Title 18, United States Code, Sections 1959(a)(6), 2 and 3551 et seq.)

### COUNT FOURTEEN
(Conspiracy to Commit Assault in Aid of Racketeering – John Doe 4)

39.     The allegations contained in paragraphs 30 and 31 are realleged and incorporated as if fully set forth in this paragraph.

40.     In or about and between October 2014 and July 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," together with others, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Zheng Organization, an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in the Zheng Organization, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to commit assault with a dangerous weapon and assault resulting in serious bodily injury of John Doe 4, in violation New York Penal Law Section 120.05.

(Title 18, United States Code, Sections 1959(a)(6) and 3551 et seq.)

### COUNT FIFTEEN
(Unlawful Procurement of Naturalization)

41.     On or about and between February 22, 2011 and September 27, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant QIAN ZHENG, also known as "Cash," did knowingly and intentionally procure, contrary to law, his naturalization, in that the defendant did knowingly and intentionally make one or more false statements under oath, in a case, proceeding and matter relating to naturalization and citizenship, to wit: the defendant did falsely state that (1) he had never committed a crime or offense for which he was not arrested; (2) he had never

sold or smuggled controlled substances, illegal drugs, or narcotics; (3) he had never helped anyone enter or try to enter the United States illegally; and (4) he had never gambled illegally or received income from illegal gambling, contrary to Title 18, United States Code, Section 1015(a).

(Title 18, United States Code, Sections 1425(a) and 3551 et seq.; Title 8, United States Code, Section 1451(e))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

42.     The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offense to forfeit:

a.     any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962;

b.     any interest in, security of, claims against, or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

c.     any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962.

43.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO THROUGH FIVE

44.     The United States hereby gives notice to the defendants charged in Counts Two through Five that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses.

45.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  a.     cannot be located upon the exercise of due diligence;

  b.     has been transferred or sold to, or deposited with, a third party;

  c.     has been placed beyond the jurisdiction of the court;

  d.     has been substantially diminished in value; or

  e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS SIX THROUGH NINE

46.     The United States hereby gives notice to the defendants charged in Counts Six through Nine that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, and Title 18, United States Code, Section 1955(d), which requires the forfeiture of any property, including money, used in a violation of Title 18, United States Code, Section 1955(a).

47.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

       a.    cannot be located upon the exercise of due diligence;

       b.    has been transferred or sold to, or deposited with, a third party;

       c.    has been placed beyond the jurisdiction of the court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FIFTEEN

48.     The United States hereby gives notice to the defendant charged in Count Fifteen that upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such offense to forfeit any conveyance, including any vessel, vehicle or aircraft used in the violation of Title 18, United States Code, Section 1425(a), and any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly

or indirectly from the commission of such offense, or any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of such offense.

49.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(6); Title 21, United States Code, Section 853(p))

A TRUE BILL

_Robert Heffernan_
_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#2015R00888
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

QIAN ZHENG *aka "Cash," KAI HUAN HUANG, aka "Shen Shen," JITAO JIANG, aka "Yi Jiang," and XUE JIANG GAO, aka "Xue Zhang"*

Defendants.

## SUPERSEDING INDICTMENT

(T. 8, U.S.C., §1451(e); T. 18, U.S.C., §§ 373, 894(a)(1), 981(a)(1)(C), 982(a)(6), 1425(a), 1951(a), 1956(a), 1959(a)(6), 1962(c), 1963, 1963(a), 1963(m), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(B)(i), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461)

_____

A true bill.

*Robert Heffernan*

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 ____

_____
Clerk

Bail, $ _____

_____

Nadia E. Moore, Assistant U.S. Attorney (718) 254-6362