

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM:NEM/MCM
F. #2015R00888

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 18, 2017

By Hand and ECF

The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Qian Zheng, et al.
     Criminal Docket No. 15-628 (S-2) (CBA)

Dear Judge Amon:

  The government respectfully writes in response to the Court's January 17, 2017 order to provide the government's current position regarding prior acts evidence related to defendants Qian Zheng and Xue Jiang Gao.

  On September 26, 2016, the government filed a motion requesting that the Court rule that evidence of certain crimes and bad acts not detailed in the Superseding Indictment was admissible at trial (the "Other Acts Motion").

  The government still seeks to introduce evidence of the following acts, which are described in the Other Acts Motion on the pages indicated:

- The 2007 bus extortion (page 7);
- The 2014 hot pot extortion (pages 7-8);
- The 2013 "Ah Tong" beating/extortion (page 8);
- The 2014 bus extortion (page 8);
- The 2014 brothel extortion (page 8);
- The 2014 "Ah Ming" assault (page 9);
- The 2009 Flushing assault (page 9);
- The 2013 Philadelphia bus assault (pages 9 – 10);
- The 2013 bus assault (page 10);
- The 2013 kidnapping (page 10);
- The 2013 and 2015 marijuana distribution conspiracies (page 10); and

- The 2013 cigarette smuggling (page 10).

The government no longer seeks to offer evidence in the upcoming trial of the following acts described in the Other Acts Motion:

- The May 2013 extortion and assault (pages 8 – 9); and
- The late 2013 extortion (page 9).

For the reasons set forth in the Other Acts Motion, evidence of these crimes and other acts is admissible to establish the racketeering enterprise and the defendants' membership in the enterprise, is inextricably intertwined with evidence of the charged crimes, is relevant to show how the criminal relationship between the defendants and their coconspirators developed, and tends to establish that the defendants possessed the requisite state of mind in connection with the charged offenses.

The government's position, as set forth above, is based on the assumption that both defendants Zheng and Jiang Gao will proceed to trial. It should be noted, however, that the government is currently in plea discussions with defense counsel, and the above position is subject to change if either of the defendants pleads guilty.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:       /s/
Nadia E. Moore
Maria Cruz Melendez
Assistant U.S. Attorneys
(718) 254-6362/6408

cc: Counsel of record (by ECF)

2